IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES COLEMAN, *et al.,*

        Plaintiffs,

     vs.                           Civil Action 2:14-cv-243
                                        Judge Marbley
                                        Magistrate Judge King

CALIBER HOME LOANS, INC., *et al.,*

        Defendants.

<u>OPINION AND ORDER</u>


    This matter is before the Court on the motion of plaintiffs James and January Coleman ("plaintiffs") for leave to file a second amended complaint. *Motion for Leave to File Second Amended Complaint* ("*Motion to Amend the Amended Complaint*"), Doc. No. 24.  For the reasons that follow, the *Motion to Amend the Amended Complaint* is **GRANTED**.

**I.    BACKGROUND**

    Defendants Caliber Home Loans, Inc., CIT Mortgage Loan Trust 2007-1, and The Bank of New York Mellon Trust Company, N.A., (collectively, "Loan Defendants") "are the purported servicer, former holder, and holder of [the plaintiffs'] home loan, respectively." *Amended Complaint for Money Damages and Other Relief* ("*Amended Complaint*"), Doc. No. 9, ¶ 2.  On November 26, 2013, the United States Bankruptcy Court for the Southern District of Ohio ordered that the Colemans' mortgage on real property for a home loan be "declared

current and any arrearages discharged, and the Colemans have been paying their mortgage on time." *Id*. at ¶ 1, Exhibit H. Plaintiffs filed this action on March 11, 2014, alleging that the Loan Defendants violated the order of the Bankruptcy Court by attempting to collect amounts not owed on plaintiffs' home loan and by reporting the plaintiffs' loan account as delinquent. The original complaint asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), as well as claims of breach of contract, negligence, intentional infliction of emotional distress, defamation, and invasion of privacy. *Complaint for Money Damages and Other Relief* ("*Complaint*"), Doc. No. 1. On April 4, 2014, plaintiffs amended the original complaint to include claims under the Fair Credit Reporting Act ("FCRA"). *Amended Complaint*.[1] The Loan Defendants moved to dismiss the *Amended Complaint* for failure to state a claim upon which relief can be granted. *Motion of Defendants Caliber Home Loans, Inc., The Bank of New York Mellon Trust Company, N.A., and CIT Mortgage Loan Trust 207-1 to Dismiss Plaintiffs' Complaint* ("*Defendants' Motion to Dismiss*"), Doc. No. 17.

On June 19, 2014, plaintiffs filed the *Motion to Amend the Amended Complaint*. By the proposed amendment, plaintiffs seek to address the Loan Defendants' arguments regarding the breach of contract claims and to plead additional violations of the FCRA and to plead additional relevant facts that have allegedly occurred since the

---

[1] The *Amended Complaint* also joined Experian Information Solutions, Inc., and Equifax Information Services, LLC, as defendants. The claims against these defendants have been dismissed. *Order,* Doc. No. 45; *Order,* Doc. No. 46.

*Amended Complaint* was filed.  The Loan Defendants oppose the *Motion to Amend the Amended Complaint*.  *Defendants Caliber Home Loans, Inc., The Bank of New York Mellon Trust Company, N.A., and CIT Mortgage Loan Trust 207-1's Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint* ("*Memo. in Opp.*"), Doc. No. 29.  With the filing of *Plaintiffs' Reply Memorandum in Support of Their Motion for Leave to File Second Amended Complaint* ("*Reply*"), Doc. No. 32, this matter is now ripe for resolution.

## II.   STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'"  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.,* 987 F.2d 376, 382-83 (6th Cir. 1993)). "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 663 (2007)).

## III. DISCUSSION

In opposing the *Motion to Amend the Amended Complaint*, the Loan Defendants argue that plaintiffs' proposed amendment fails to comply with S.D. Ohio Civ. R. 7.3, would result in prejudice to the Loan Defendants if permitted, and is futile. The Court will address each argument in turn.

The Loan Defendants argue, first, that the *Motion to Amend the Amended Complaint* was filed in violation of the local rules of this Court because plaintiffs did not consult with the Loan Defendants prior to filing the motion. Rule 7.3 of the Court's local rules requires, under certain circumstances, that counsel confer with each other before filing a motion. Rule 7.3(a) requires consultation with

4

opposing counsel prior to filing a motion for an extension of time. S.D. Ohio Civ. R. 7.3(a). Moreover,

> [a] party filing any other type of motion to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings, for leave to file a document instanter, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system) shall comply with the procedure set forth in S.D. Ohio Civ. R. 7.3(a) before filing such motion.

S.D. Ohio Civ. R. 7.3(b). Plaintiffs contend that they did not violate Rule 7.3, even though they did not consult with the Loan Defendants prior to filing the *Motion to Amend the Amended Complaint*, because they had no reason to believe that the motion would be unopposed by the Loan Defendants. *Reply*, p. 3. Considering the procedural history and posture of this case, the Court agrees that plaintiffs did not file the *Motion to Amend the Amended Complaint* in violation of S.D. Ohio Civ. R. 7.3.

Next, the Loan Defendants contend that they will be prejudiced by the filing of the proposed amended pleading. The Loan Defendants specifically argue that, because the filing of the proposed *Second Amended Complaint* will render moot *Defendants' Motion to Dismiss*, the Loan Defendants will have to incur additional time and expense in addressing yet another amended pleading and because the litigation will be further delayed during the pendency of the anticipated renewed motion to dismiss. *Memo in Opp.*, pp. 8-9. Loan Defendants' arguments are not well taken.

The prejudice sufficient to deny a motion for leave to amend a pleading must be significant. *Leary v. Daeschner*, 349 F.3d 888, 908

5

(6th Cir. 2003) (citing *Moore*, 790 F.2d at 562). This Court has previously held that "neither delay nor rebriefing is sufficient to demonstrate prejudice." *Smith v. Robbins & Myers, Inc.*, 3:12-cv-281, 2012 WL 5845072, *4 (S.D. Ohio Nov. 19, 2012). Moreover, the *Motion to Amend the Amended Complaint,* which was filed on June 19, 2014, is not untimely. *See Preliminary Pretrial Order*, Doc. No. 14, p. 2 (establishing August 1, 2014 as the date by which motions to amend must be filed). The Court also concludes that the litigation should not be significantly delayed by reason of the proposed amendment. The April 20, 2015 discovery completion date is more than 120 days away and the Court has previously expressed its expectation that discovery should proceed even during the pendency of a motion to dismiss. *Preliminary Pretrial Order*, p. 2.

Finally, the Loan Defendants argue that to grant the *Motion to Amend the Amended Complaint* would be futile. *Memo. in Opp.* p. 2. In this regard, the Loan Defendants refer to the arguments presented in *Defendants' Motion to Dismiss* and argue, further, that the proposed breach of contract claim could not survive a motion to dismiss. This Court concludes that, for purposes of resolving the *Motion to Amend the Amended Complaint*, the proposed *Second Amended Complaint* adequately states claims for relief, including a claim for breach of contract. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006)(an Ohio breach of contract claim has four elements: (1) the existence of a contract; (2) the plaintiff's performance; (3) the defendant's breach; and (4) damage). Resolution of the specific

challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss.

      **WHEREUPON** plaintiffs' *Motion to Amend the Amended Complaint*, Doc. No. 24, is **GRANTED**.  The Clerk is **DIRECTED** to file the *Second Amended Complaint*, which is attached to the motion.


December 3, 2014                  *s/ Norah McCann King*
                                         Norah McCann King
                          United States Magistrate Judge